# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### AIKEN DIVISION

| | | |
|---|---|---|
| Deidra Lee, | ) | Civil Action No. 1:14-cv-04159-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Dr. Robert Jones, and United States, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

This matter is before the court pursuant to Plaintiff Deidra Lee's ("Plaintiff") Motion to Remand the case to the Court of Common Pleas for Allendale County, South Carolina. (ECF No. 16.) Defendant United States[1] ("United States") submits that its Motion to Dismiss (ECF No. 6) the action for lack of subject matter jurisdiction should be granted, but does not oppose Plaintiff's Motion to Remand once Plaintiff's action against the United States has been dismissed. (ECF No. 19.) Defendant Dr. Robert Jones ("Defendant Jones") did not respond to Plaintiff's Motion to Remand, but makes a Motion to Alter or Amend Order, or in the alternative, Petition for Certification of Scope of Employment Status.[2] (ECF No. 22). For the reasons set forth herein, the court **SEVERS** Plaintiff's claims against the United States and Defendant Jones, **GRANTS** the United States' Motion to Dismiss (ECF No. 6) as to claims

---

[1] Low Country Health Care System, Inc. ("LCHCS") had initially been named Defendant. By order of this court, LCHCS was substituted with the United States pursuant to 28 U.S.C. § 2679(d)(2). (ECF No. 12.)

[2] On June 4, 2015, Defendant Jones filed a second Motion to Alter or Amend Order, or in the alternative, Petition for Certification of Scope of Employment Status. (ECF No. 26.) Defendant Jones offers verbatim the same grounds for this subsequent Motion as in his prior Motion. (ECF No. 22.) However, Defendant Jones' June Motion (ECF No. 26) does not seek to apply to related cases filed against Defendant Jones, unlike the earlier May Motion. (ECF No. 22.) As this is the sole difference, analysis and resolution of the May Motion (ECF No. 22) will also resolve Defendant Jones' June Motion (ECF No. 26).

against the United States and **DENIES** Defendant Jones' Motion to Alter or Amend Order, or in the alternative, Petition for Certification of Scope of Employment Status. (ECF No. 22; ECF No. 26.)   The court **GRANTS** Plaintiff's Motion to Remand (ECF No. 16) as to claims against Defendant Jones.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On or around November 4, 2011, Plaintiff alleges Defendant Jones sexually assaulted her during a medical appointment at Low Country Health Care System, Inc.'s ("LCHCS") facility. (ECF No. 1-1 at 4 ¶ 4, 5 ¶¶ 8-11.)   Defendant Jones was an employee of LCHCS during this time.  (Id. at 4.)  On October 31, 2013, Plaintiff filed a Complaint in the Court of Common Pleas for Allendale County, South Carolina, alleging negligence against LCHCS, intentional infliction of emotional distress against Defendant Jones with LCHCS's assistance, outrage against Defendant Jones, and false imprisonment against Defendant Jones with LCHCS's assistance.[3] (Id. at 6, ¶ 20, 7¶ 23, 8 ¶ 27, 8-9 ¶ 31.)  For jurisdictional purposes, Plaintiff alleged she is a citizen of South Carolina, Defendant Jones operates as a physician in South Carolina, and LCHCS operates as a healthcare provider in South Carolina.  (Id. at 4 ¶¶ 1–3.)

The United States Attorney for the District of South Carolina certified that LCHCS, as an entity covered by the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)–(n), was acting as an employee of the United States under the Federal Tort Claims Act ("FTCA") during the incidents involved here.  (ECF No. 1-3 at 1–2.)   Defendant Jones, however, was not

---

[3] The court notes this Complaint is the attachment to Plaintiff's Notice of Intent to File Suit in state-court civil action number 2013-CP-03-195 which was removed to this court on October 24, 2014, under Civil Action No. 1:14-cv-04160-JMC.  This Complaint is also the same as those filed in state-court actions 2013-CP-03-196 and 2014-CP-03-047, removed to this court as Civil Action No. 1:14-cv-04161-JMC and Civil Action No. 1:14-cv-04162-JMC respectively.  There appears to be no basis as to why this Complaint has been filed in various actions instead of filing the Complaint within the prior Notice of Intent to File Suit litigation of state-court action number 2013-CP-03-195.

certified as acting within the scope of his employment and cannot be deemed an employee of the federal government.  (ECF 1-3 at 2.)

On October 24, 2014, the United States filed a Notice of Removal, as concerns LCHCS, asserting that the action should be removed pursuant to 42 U.S.C. § 233(c), which calls for any civil action or proceeding in a state court to be removed upon the Attorney General's certification that the defendant was acting within the scope of its employment at the time of the incident at issue and the action be treated as a tort action against the United States under Title 28.[4]  (ECF No. 1 at 2–3 ¶ 6.)  The United States cited that any civil suit brought in a state court against the United States is removable to the United States district court "for the district and division embracing the place wherein it is pending."  (ECF No. 1 at 3 ¶ 7 (citing 28 U.S.C. § 1442(a)(1)).)

On October 31, 2014, the United States filed a Motion to Dismiss the action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that Plaintiff failed to exhaust her administrative remedies before filing suit pursuant to the FTCA. (ECF No. 6 at 1; ECF No. 6-1 at 4.)  On December 12, 2014, Plaintiff filed a Motion to Remand, asserting that no basis of removal exists as to claims against Defendant Jones.  (ECF No. 16 at 1.)  Plaintiff urges the court to remand the entire matter or sever and remand the claims against Defendant Jones pursuant to 28 U.S.C. § 1441(c)(2).  (Id. at 3.)  The United States filed a Response to Plaintiff's Motion to Remand on January 5, 2015.  (ECF No. 19.)

On May 14, 2015, Defendant Jones filed a Motion to Alter or Amend Order, or in the alternative, Petition for Certification of Scope of Employment Status.[5]    (ECF No. 22-1 at 2.)

---

[4] The Notice of Removal was filed on behalf of LCHCS only.

[5] The court notes that Defendant Jones originally portrayed this motion (ECF No. 22) as a Petition for Certification of Scope of Employment Status or, alternatively, a Motion to Amend

Defendant Jones argues that the Text Order issued by this court on December 2, 2014 substituting the United States for LCHCS (ECF No. 12) should be amended to extend that substitution to Defendant Jones or, alternatively, that the court should grant his Petition for Certification of Scope of Employment in light of the U.S. Attorney's Certification of LCHCS and this court's Text Order.  (ECF No. 22-1 at 8.)  If his Petition is denied, Defendant Jones requests he be allowed to enter an answer out of time in the instant case and related cases and that this court decertify LCHCS.  (Id. at 9.)  Defendant Jones makes no representation as to why he failed to file an answer.  (Id. at 2.)

In Plaintiff's Response to Defendant Jones' Petition for Certification of Scope of Employment Status, Plaintiff argued: (1) Defendant Jones, having failed to respond to Plaintiff's Complaint, should not now be permitted to make a substantive challenge to these proceedings, and (2) Defendant Jones' Motion to Alter or Amend the December 2, 2014 Text Order is untimely under Federal Rule of Civil Procedure 59(e). (Id.)  In the United States' Response in Opposition to Dr. Robert Jones' Petition for Certification of Scope of Employment Status, the United States argued: (1) Defendant Jones' Petition is untimely; (2) Defendant Jones is not entitled to use 28 U.S.C. § 2679(d)(3) to challenge the U.S. Attorney's refusal to grant certification; and (3) even if Defendant Jones is permitted to challenge the refusal to certify, he has not met his burden of proof.  (ECF No. 27 at 4-5, 8.)

---

Order.  Defendant Jones' subsequent Memorandum regarding this matter states he is "before this Court on a Motion to Alter or Amend Order, or in the alternative, . . . for Certification of Scope of Employment Status."  Additionally, Defendant Jones seeks to apply this motion (ECF No. 22) to all cases related to the case at issue; however, Defendant Jones only filed this motion in the instant case.

## II.    JURISDICTION

The court has jurisdiction over Plaintiff's claims against the United States pursuant to 28 U.S.C. § 1331 because these claims were removed to this court under 42 U.S.C. § 233(c) once LCHCS was certified by the U.S. Attorney for the District of South Carolina as acting in the scope of its employment during the incidents giving rise to this suit.  (See ECF No. 1 at 2-3.)

## III.    LEGAL STANDARD AND ANALYSIS

A. Severance of Plaintiff's Claims Against the United States and Defendant Jones

Rule 21 of the Federal Rules of Civil Procedure provides that the court may "sever any claim against a party." Fed. R. Civ. P. 21.  A court severing claims against parties to a suit under Rule 21 has "virtually unfettered discretion in determining whether or not severance is appropriate."  Grayson Consulting, Inc. v. Cathcart, No. 2:07-cv-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014) (internal citation and quotations omitted).  Four factors are considered in evaluating severance under Rule 21: (1) whether the issues sought to be severed are "significantly different from one another;" (2) whether the issues require different witnesses and evidence; (3) whether the "party opposing severance will be prejudiced; and (4) whether the party requesting severance will be prejudiced if the claims are not severed."  Id. (citation omitted).  Additionally, when a civil action is removed, 28 U.S.C. § 1441(c)(2) provides that the court may sever and remand to the state court from which it was removed any claim that is not within the original or supplemental jurisdiction of the court.  28 U.S.C. § 1441(c)(2).

Plaintiff moves for remand of this action or, alternatively, for claims against Defendant Jones to be severed and remanded.  (ECF No. 16 at 3.)  The United States does not oppose severance of the claims against itself and Defendant Jones. (See ECF No. 19 at 1 ¶ 1–2.) Defendant Jones did not respond to Plaintiff's Motion to Remand.

It is appropriate to sever the claims against the United States and Defendant Jones. While the claims do involve the same facts, Plaintiff would be unduly prejudiced if the claims against both the United States and Defendant Jones were dismissed because the statute of limitations as to claims against Defendant Jones has expired. (ECF No. 16 at 2.) See Grayson, 2014 WL 1512029, at *2. In light of the potential prejudice to Plaintiff and neither Defendant's opposition, Plaintiff's claims against the United States and Defendant Jones are severed.

B.  Dismissal of Plaintiff's FTCA Claims Against the United States Pursuant to Rule 12(b)(1)

The party invoking federal jurisdiction has the burden of proof. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). The Fourth Circuit has held that "[w]hen a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence . . . and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (quoting Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768.

As a sovereign, the United States is immune from suit unless it consents to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). The United States may define the terms and conditions upon which it can be sued. Soriano v. United States, 352 U.S. 270, 276 (1957). The FTCA is a waiver of sovereign immunity with certain specific limitations. 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671–2680. The limitations on the FTCA's waiver of sovereign immunity are to be strictly construed. Sherwood, 312 U.S. at 590; see also Childers v. United States, 442 F.2d 1299, 1303 (5th Cir. 1971) (holding plaintiff's claim barred by the six month

period limitation of Title 28 § 2401(b) because the provision is entitled to strict construction and equitable considerations do not extend that period).

The FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993). A claimant must first present their claim to the appropriate federal agency before instituting an action against the United States for injury or loss caused by the negligence or wrongful act of a government employee acting within the scope of his or her employment. 28 U.S.C. § 2675(a). After presentment of the administrative claim, suit cannot be commenced until the agency denies the claim or six months have elapsed. Id. A claim is "presented" to an agency when that agency receives an "executed Standard Form 95 or other written notification of an incident . . . ." Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994) (quoting 28 C.F.R. § 14.2(a)) (internal quotations omitted). A tort claim against the United States must be presented to the appropriate federal agency within two years after the claim accrues, otherwise, such a claim is barred. 28 U.S.C. § 2401(b). This administrative process is jurisdictional and cannot be waived. Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986).

Plaintiff's claims against the United States should be dismissed pursuant to Rule 12(b)(1). Plaintiff was required to present her claim to the appropriate federal agency before filing suit in court. See 28 U.S.C. § 2675(a). Plaintiff filed her Complaint in state court on October 31, 2013, but she did not file an administrative claim with the Department of Health and Human Services until November 5, 2013. (ECF No. 1-1 at 1; ECF No. 1-2 at 1–2 ¶ 4.) Plaintiff failed to exhaust her administrative remedies before filing suit, and her suit is thus barred. See McNeil, 508 U.S. at 113. Because this administrative process is jurisdictional, the court lacks

subject matter jurisdiction.  See Henderson, 785 F.2d at 123.  Therefore, the United States' Motion to Dismiss pursuant to Rule 12(b)(1) should be granted.

C.  Defendant Jones' Motion to Alter Order or, in the alternative, Petition for Certification

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend judgment within 28 days after the judgment is entered.  Fed. R. Civ. P. 59(e).  This rule permits the district court to correct its own errors so that parties may avoid appellate proceedings.  Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).  However, Rule 59(e) motions may not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id.  Rule 60(b) permits the court to provide relief from a final judgment or order but only with good reason, such as mistake or excusable neglect, newly discovered evidence that could not have been discovered earlier, fraud, and "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

Defendant Jones moves the court to alter its Text Order substituting the United States for LCHCS.  However, that order was entered December 2, 2014 (ECF No. 12).  Defendant Jones made the instant motion on May 14, 2015.  (ECF No. 22 at 3.)  This motion is beyond the 28 days permitted by Rule 59(e) to file a motion to amend and is untimely.  Moreover, as Defendant Jones points out in his Memorandum in Support of Defendant Jones Petition for Certification of Scope of Employment Status, he appears to be attempting to raise a novel issue of law.  (ECF No. 22-1 at 4.)  Defendant Jones may not now raise an issue he should have addressed prior to the Text Order being entered.  See Pac. Ins. Co., 148 F.3d at 403.  Further, Defendant Jones has submitted no evidence that he is entitled to relief from the Text Order under Rule 60(b).

Alternatively, Defendant Jones petitions the court to certify he was acting within the

scope of his employment during the incidents giving rise to this suit.  (ECF No. 22.)  Title 42 U.S.C. § 233(c) provides that once the Attorney General certifies a defendant was acting "in the scope of his employment at the time of the incident out of which the suit arose," then that suit "shall" be removed to the appropriate district court and deemed a tort action against the United States pursuant to Title 28.  42 U.S.C. § 233(c).  The Federally Supported Health Centers Assistance Act gives a broad definition of "employee" of the Public Health Service to include an entity[6]; an officer, board member, or employee of an entity; and a physician or other certified health care practitioner who is a contractor of an entity.  42 U.S.C. § 233(g)(1)(A).  Whether or not an employee was acting within the scope of his or her employment is determined by the law of the state in which the conduct occurred.  Gutierrez de Martinez v. DEA, 111 F.3d 1148, 1155 (4th Cir. 1997).  In South Carolina, an employee "must not only be acting in the course of his employment, or within the scope of his authority, but must be actually engaged in his employer's business at the time of injury."  Andrews v. United States, 732 F.2d 366, 370 (4th Cir. 1984) (quoting Porter v. United States, 128 F. Supp. 590, 595 (D.S.C. 1955)).

When the Attorney General does not certify an employee as acting within his or her scope of employment, Title 28 U.S.C. § 2679(d)(3) permits an employee to petition the court to "find and certify that the employee was acting within the scope of his officer or employment."  28 U.S.C. § 2679(d)(3).  Section 2679 refers expressly to "employee[s] of the Government."  28 U.S.C. § 2679(b)-(c).  Section 2671 defines "[e]mployee of the government" to include officers or employees of a federal agency, members of the military or active National Guard, "persons

---

[6] An "entity" is deemed an employee of the Public Health Service where it is a "public or non-profit private entity receiving Federal funds under section 254(b) of [Title 42]."  42 U.S.C. § 233(g)(4).

acting on behalf of a federal agency in an official capacity," and an officer or employee of a Federal public defender organization. 28 U.S.C. § 2671.

It is usually the plaintiff challenging a certification that the defendant-employee was acting within the scope of his or her employment. See Gutierrez de Martinez, 111 F.3d at 1153. In Borneman v. United States, the Fourth Circuit articulated a burden-shifting scheme where the plaintiff (the challenger) bears the burden of refuting the certification of scope of employment and must prove by a preponderance of the evidence that the defendants were not acting in their scope of employment. Borneman v. United States, 213 F.3d 819, 827 (4th Cir. 2000). When the plaintiff has presented "persuasive evidence refuting the certification, the burden shifts to the United States to provide evidence . . . to support its conclusion that the torts occurred within the scope of employment." Id. The plaintiff must present specific evidence or "forecast" such evidence, as conclusory statements and speculation are not enough. Id. "At all stages of the process, it is for the district court to weigh the sufficiency of the evidence, to determine whether genuine issues of fact exist, and ultimately to resolve those factual disputes." Id.

Defendant Jones argues that once the U.S. Attorney for the District of South Carolina certified LCHCS as acting within the scope of its employment, he had to also conclude that Defendant Jones was acting under that scope of employment as a matter of law. (ECF No. 22-1 at 5.) In support, Defendant Jones contends that "employee" as used in 28 U.S.C. § 2679(d)(1) excludes an "employer agency" and, therefore, the certification for LCHCS amounts to a statutory determination that Defendant Jones is protected as an employee of LCHCS. (Id. at 6.) However, Defendant Jones ignores that the certification of LCHCS was not solely pursuant to 28 U.S.C. § 2679 but also pursuant to 42 U.S.C. § 233, which provides that an entity in receipt of federal funds or an employee of such an entity "shall be deemed to be an employee of the Public

Health Service . . . ."  42 U.S.C. § 233(g)(1)(A), (g)(4).  Moreover, Defendant Jones' reference to the limited definition of "employee" under 28 U.S.C. § 2671[7] is unpersuasive considering this action arose in the context of a federally supported health center pursuant to 42 U.S.C. § 233. Therefore, Defendant Jones' argument based on the language of 28 U.S.C. § 2679 fails because 42 U.S.C. § 233(g)(1)(A) renders both entity and employee as employees of the Public Health Service.

Further, it is apparent that there was legislative intent to exclude individual healthcare providers from coverage where appropriate as 42 U.S.C. § 233(i) provides that "after notice and opportunity for a . . . hearing . . . an individual physician . . . shall not be deemed to be an employee of the Public Health Service for purposes of this section, if treating such an individual as such an employee would expose the Government to an unreasonably high degree of risk of loss . . . ."  42 U.S.C. § 233(i)(1).  However, subsection (i) does not directly apply here because it addresses the authority of the Attorney General to exclude individual healthcare providers from coverage in general, not the ability to deny coverage due to acting outside the scope of employment during a specific incident.

Both 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d) are clear that the defendant must have been "acting within the scope of his employment at the time of the incident out of which the suit arose" in order to receive coverage under the FTCA.  42 U.S.C. § 233(c); 28 U.S.C. § 2679(d)(1)-(2).  However, it is not clear that Defendant Jones may petition this court to certify that he was acting within the scope of his employment once the Attorney General refused to do so.  See 28 U.S.C. § 2679(d)(3); 28 U.S.C. § 2671.  While LCHCS was "deemed" an employee

---

[7] 28 U.S.C. § 2671 addresses "[f]ederal agency" and "[e]mployee of the government" separately. See 28 U.S.C. § 2671.  Defendant Jones cites the definition of employee pursuant to 28 U.S.C. § 2671 for the proposition that it "expressly excludes a contractor and . . . does not include an employer agency." (ECF No. 22-1 at 6.)

of the Public Health Service pursuant to 42 U.S.C. § 233(g), that "deeming" statute does not make LCHCS a federal agency under 28 U.S.C. § 2671 or its employees federal employees. (See ECF No. 1-3 at 1.)  In fact, even if the "deeming" statute could accomplish this, Defendant Jones was not "deemed to be an employee of the government pursuant to 42 U.S.C. § 233(c)." (ECF No. 1-3 at 2.)  Thus, Defendant Jones' arguments that he is a federal employee as defined under 28 U.S.C. § 2671 and that he can challenge the refusal to certify that he was acting within the scope of his employment per 28 U.S.C. § 2679(d)(3) fail.

Further, even if Defendant Jones is permitted to challenge the U.S. Attorney for the District of South Carolina's refusal to certify him as acting within the scope of his employment, Defendant Jones has failed to present any specific evidence that he was acting within the scope of his employment.  Defendant Jones did not issue an answer denying the allegations of sexual assault in Plaintiff's Complaint, which states, in part, "Defendant Jones has admitted to his misconduct and requested forgiveness during the criminal investigation of [his] conduct."  (ECF No. 1-1 at 6 ¶ 16.)   Given the lack of genuine issue of material fact and the clarity of the case law here, an evidentiary hearing is unnecessary to determine that the U.S. Attorney for the District of South Carolina did not err in failing to certify Defendant Jones as acting within the scope of his employment.  First, pursuant to South Carolina agency law, Defendant Jones was not furthering his employer's interest in sexually assaulting Plaintiff.  See Lane v. Modern Music, 136 S.E.2d 713, 716 (S.C. 1964) ("An act is within the scope of a servant's employment where reasonably necessary to accomplish the purpose of his employment and is in furtherance of the master's business.").  Moreover, the Fourth Circuit and this court have held that a healthcare provider was not acting within the scope of his employment when faced with scenarios similar to the incidents surrounding Defendant Jones.  See Andrews, 732 F.2d at 367,

370 (holding a physician assistant who seduced and engaged in sexual intercourse with a patient was not acting within the scope of his employment but that his supervising physician was acting within his scope of employment by failing to adequately supervise the assistant); Doe v. United States, 618 F. Supp. 503, 504-05 (D.S.C. 1984) (holding a counselor did not act within the scope of his employment and was not covered by the FTCA when he exposed himself to a patient and suggested sexual acts between them).

   D.   Plaintiff's Motion to Remand as to Claims Against Defendant Jones

   Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As previously stated, where the Attorney General certifies that a defendant employed by the Public Health Service was "acting in the scope of his employment at the time of the incident out of which the suit arose," the suit will be removed from state court and treated as a tort action against the United States under Title 28. 42 U.S.C. § 233(a), (c). Absent this certification, removal pursuant to 42 U.S.C. § 233(c) is not possible. Metcalf v. West Suburban Hosp., 912 F. Supp. 382, 385 (N.D. Ill. 1996).

   A federal court also has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." 28 U.S.C. § 1332(a). In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. See Strawn v. AT&T Mobility LLC, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on

diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction).  Because federal courts are forums of limited jurisdiction, any doubts as to whether a case belongs in federal or state court should be resolved in favor of state court.  See Auto Ins. Agency, Inc. v. Interstate Agency, Inc., 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).  Under Section 1332, there must be complete diversity of all parties.  Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806).  Complete diversity exists where "no party shares common citizenship with any party on the other side." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

Plaintiff's claims against Defendant Jones cannot be removed pursuant to 28 U.S.C. § 1331 because Defendant Jones was not certified as acting within the scope of his employment at LCHCS during the incidents giving rise to this action. (ECF No. 1-3 at 2.)  Therefore, claims against Defendant Jones may not be removed under 42 U.S.C. § 233(c), as it requires certification that the defendant was acting within the scope of his or her employment during the events leading to the action in order for that action to be removed.  See 42 U.S.C. § 233(c). Since Defendant Jones was not certified as acting in the scope of his employment here, this action may not be removed pursuant to federal question jurisdiction.  See Metcalf, 912 F. Supp. at 385.

Defendant Jones argues that even absent a finding he was acting within the scope of his employment, the case may not be remanded because the U.S. Attorney for the District of South Carolina's decision to remove the case to this court is conclusive.  (ECF No. 22-1 at 4.) See Borneman, 213 F.3d at 825 (4th Cir. 2000) (Stating the Attorney General's scope of employment certification made under [28 U.S.C] § 2679(d)(2) . . . "conclusively establishes removal jurisdiction in the federal court, a consequence that is not judicially reviewable.")  However, in

the Notice of Removal, the United States Attorney made clear that this removal was on behalf of LCHCS only. (ECF No. 1 at 1 n.1.)  Further, the U.S. Attorney for the District of South Carolina had only certified LCHCS as acting within the scope of its employment and not Defendant Jones. (ECF No. 1-3 at 1-2.)  Therefore, removal jurisdiction was only conclusively established as to LCHCS, and the United States was subsequently substituted for this party.

Further, Plaintiff's claims against Defendant Jones may not be removed under 28 U.S.C. § 1332 because Plaintiff and Defendant Jones, for jurisdictional purposes, are both citizens of the State of South Carolina.  (ECF No. 1-1 at 4 ¶¶ 1–2.)  Complete diversity does not exist here.  See Strawbridge, 7 U.S. at 267.  As the court does not have original jurisdiction over Plaintiff's claims against Defendant Jones, the court remands these claims to state court.

## IV.     CONCLUSION

For the foregoing reasons, the court hereby **SEVERS** Plaintiff's claims against the United States and Defendant Jones.  The court **GRANTS** the United States' Motion to Dismiss (ECF No. 6) as to claims against the United States.  The court **DENIES** Defendant Jones' Motion to Alter or Amend Order, or in the alternative, Petition for Certification of Scope of Employment Status.  (ECF No. 22; ECF No. 26.)  The court **GRANTS** Plaintiff's Motion to Remand (ECF No. 16) as to claims against Defendant Jones and **REMANDS** Plaintiff's action against Defendant Jones to the Court of Common Pleas of Allendale County, South Carolina for further proceedings.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 17, 2015
Columbia, South Carolina

15